7

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

          Plaintiff,

vs.

DAIMLERCHRYSLER CORPORATION,

        Defendant.

_____/

Case: 4:07-cv-12986
Assigned To: Gadola, Paul V
Referral Judge: Majzoub, Mona K
Filed: 07-18-2007 At 10:03 AM
CMP EEOC V. DAIMLERCHRYSLER CORP (T
AM)

COMPLAINT
AND JURY DEMAND

## NATURE OF THE ACTION

This is an action brought under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Rosalyn Grant ("Grant") and Christopher Oginski ("Oginski") who were adversely affected by such practices. The Equal Employment Opportunity Commission alleges that Defendant, DaimlerChrysler Corporation, subjected Grant to unlawful sex discrimination and retaliated against her direct supervisor, Oginski, when he complained about Grant being subjected to sex discrimination.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

**PARTIES**

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant DaimlerChrysler (the "Employer"), has continually been a Delaware corporation doing business in the state of Michigan and the city of Detroit, and has continuously had at least fifteen (15) employees.

5.     At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

**STATEMENT OF CLAIMS**

6.     More than thirty (30) days prior to the institution of this lawsuit, Grant filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     More than thirty (30) days prior to the institution of this lawsuit, Oginski filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     Since at least January 2005, Defendant Employer has engaged in unlawful

2

employment practices at its Detroit, Michigan facility in violation of Section 703(a), 42 U.S.C. §
2000e-2(a), including but not limited to, subjecting Grant to different terms and conditions of
employment based on her sex.

9.      Since at least November 2005, Defendant Employer has engaged in unlawful
employment practices at its Detroit, Michigan facility in violation of Section 704(a), 42 U.S.C. §
2000e-3(a), including but not limited to, discharging Oginski in retaliation for complaining about
Defendant Employer subjecting Grant to different terms and conditions of employment based on
her sex.

10.     The effect of the conduct complained of in paragraph 8, above, has been to
deprive Grant of equal employment opportunities and otherwise adversely affect her status an
employee because of her sex.

11.     The effect of the conduct complained of in paragraph 9, above, has been to
deprive Oginski of equal employment opportunities and otherwise adversely affect his status as
an employee because of and in retaliation for opposing discrimination.

12,     The unlawful employment practices complained of in paragraph 8, above, were
and are intentional.

13.     The unlawful employment practices complained of in paragraph 9, above, were
and are intentional.

14.     The unlawful employment practices complained of in paragraph 8, above,
were done with malice or with reckless indifference to the federally protected rights of Grant.

3

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      GRANT a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sex discrimination and from retaliating against employees who oppose discrimination, and any other unlawful employment practice which discriminates on the basis of sex and/or retaliation.

B.      ORDER Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and ensure that employees who complain about discrimination are protected from retaliation, and which eradicate the effects of its past and present unlawful employment practices.

C.      ORDER Defendant Employer to make whole Grant by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.      ORDER Defendant Employer to make whole Grant by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above in amounts to be determined at trial.

E.      ORDER Defendant Employer to make whole Grant by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above in amounts to be determined at trial.

F.      ORDER Defendant Employer to pay punitive damages for its malicious or reckless conduct described in paragraph 8 above in amounts to be proven at trial.

4

G.     GRANT such further relief as the Court deems necessary and proper in the public

interest.

    H.     AWARD the Commission its costs for this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

               Respectfully submitted,

               LAURIE A. YOUNG
               Regional Attorney

               DEBORAH M. BARNO (P44525)

               NEDRA D. CAMPBELL (P58768)
               Trial Attorney

               EQUAL EMPLOYMENT OPPORTUNITY
               COMMISSION

               DETROIT FIELD OFFICE
               Patrick V. McNamara
               477 Michigan Avenue, Room 865
               Detroit, Michigan 48226
July 18, 2007          Tel. No. (313) 226-3410

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | DAIMLERCHRYSLER CORPORATION |

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **WAYNE**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Nedra D. Campbell (P58768)  (313) 226-3410
U.S. Equal Employment Opportunity Commission
477 Michigan Avenue, Room 865, Detroit, MI 48226

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Select One Box Only)

- ☒ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Select One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

Case: 4:07-cv-12986
Assigned To: Gadola, Paul V
Referral Judge: Majzoub, Mona K
Filed: 07-18-2007 At 10:03 AM
CMP EEOC V. DAIMLERCHRYSLER CORP (T AM)

|  | TF | DEF |
|---|---|---|
|  | ☐ 4 | ☐ 4 |
|  | ☐ 5 | ☐ 5 |
|  | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Select One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Determination Under |
| | Employment | ☐ 550 Civil Rights | | | Access to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

442

**V. ORIGIN** (Select One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991
Brief description of cause:
To correct unlawful employment practices on the basis of sex and retaliation.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions:)  JUDGE:  DOCKET NUMBER

DATE
July 18, 2007

SIGNATURE OF ATTORNEY OF RECORD
Nedra D. Campbell /nf

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

JANT TO LOCAL RULE 83.11

Case 2:07-cv-12986-SJM-MKM ECF No. 1, PageID.7 Filed 07/18/07 Page 7 of 7

ANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?      ☐ Yes
                                                                 ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.        Other than stated above, are there any pending or previously
          discontinued or dismissed companion cases in this or any other    ☐ Yes
          court, including state court? (Companion cases are matters in which  ☑ No
          it appears substantially similar evidence will be offered or the same
          or related parties are present and the cases arise out of the same
          transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :