## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
      Plaintiff,                    CIVIL ACTION NO. 07-CV-12986

 VS.                               DISTRICT JUDGE PAUL V. GADOLA

CHRYSLER LLC,                MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DISCLOSURE AND DISCOVERY (DOCKET NO. 10), GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DOCKET NO. 11) AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO TAKE MORE THAN TEN (10) DEPOSITIONS AND FOR AN EXTENSION OF DISCOVERY (DOCKET NO. 12)**

This matter comes before the Court on three discovery motions. Defendant filed a Motion to Compel Disclosure and Discovery on May 6, 2008. (Docket no. 10). Plaintiff responded to this Motion. (Docket no. 15). Defendant filed a Reply brief. (Docket no. 18). Plaintiff filed a Motion to Compel Discovery on May 13, 2008. (Docket no. 11). Defendant responded to this Motion. (Docket no. 19). Plaintiff filed a Reply brief. (Docket no. 21). Plaintiff also filed a Motion for Leave to Take More Than Ten (10) Deposition and For An Extension of Discovery on May 16, 2008. (Docket no. 12). Defendant responded to this Motion. (Docket no. 20). Plaintiff filed a Reply brief. (Docket no. 22). The parties filed a Joint Statement of Unresolved Issues on June 16, 2008. (Docket no. 25). These motions have been referred to the undersigned for decision. (Docket no. 13). The Court heard oral argument on these motions on June 23, 2008. These motions are now ready for ruling.

**I.      Facts**

The Equal Employment Opportunity Commission (EEOC) filed this action on July 18, 2007 on behalf of two former employees claiming that Defendant engaged in unlawful employment practices on the basis of sex discrimination (against Rosalyn Grant) and retaliation by termination (against Christopher Oginski). (Docket no. 1). Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. (Docket no. 1).

The Parties filed the Motions and responsive pleadings as set forth above. The parties filed a Joint Statement of Unresolved Issues on June 16, 2008. (Docket no. 25). On May 19, 2008 the District Court Judge entered an Order extending the discovery deadline from May 31, 2008 to June 30, 2008. (Docket no. 14). The remaining unresolved issues are set forth herein.

**II.     Defendant's Motion to Compel Disclosure and Discovery**

Defendant moves to compel Plaintiff to supplement its initial disclosures and Answers to Interrogatories with information regarding additional persons identified on Plaintiff's witness list. Defendant also moves to compel Plaintiff to provide signed Answers to the Interrogatories pursuant to Fed. R. Civ. P. 33(b)(5). The parties indicated prior to the hearing that this issue was resolved. (Docket no. 25). However, it was raised again at the hearing.

Rule 33, Fed. R. Civ. P., requires that Interrogatories be answered under oath and signed by the person answering them. Fed. R. Civ. P. 33(b)(3) and (5). The attorney must sign any objections. Fed. R. Civ. P. 33(b)(5). Interrogatories directed to a corporation or governmental agency must be answered and signed by an officer or agent. Fed. R. Civ. P. 33(b)(1)(B). The agent or officer designated to answer may be an attorney for the business or agency. *See Rea v. Wichita Mortgage Corp.*, 747 F.2d 567, 574 (W.D. Okla. 1984). The EEOC attorney signed Plaintiff's Responses to

Defendant's First Set of Interrogatories to Plaintiff Regarding Rosalyn Grant. (Docket no. 10-5). However, the attorney did not verify and sign them under oath. The answers must be verified by an agent or officer of Plaintiff, and that agent or officer may be its attorney. The Court will order Plaintiff to provide a signed and verified copy of Plaintiff's Responses to Defendant's First Set of Interrogatories. *See United States v. 42 Jars*, 264 F.2d 666, 670 (3d Cir. 1959); *Law v. NCAA*, 167 F.R.D. 464, 476 (D. Kan. 1996).

Defendant served its First Set of Interrogatories To Plaintiff Regarding Rosalyn Grant on October 18, 2007. (Docket no. 10-3 at 12). Plaintiff served its Responses to Chrysler Corporation's First Set Of Interrogatories to Rosalyn Grant on February 25, 2008[1]. (Docket no. 10-6 at 16). Defendant alleges that Plaintiff's November 14, 2007 Rule 26 Initial Disclosures listed nine people likely to have discoverable information. Fed. R. Civ. P. 26(a). On March 27, 2008 Plaintiff served a witness list which named 39 individuals. Defendant alleges that this is inconsistent with Plaintiff's Initial Disclosures and Answers to Interrogatory Nos. 11 and 12. (Docket no. 10). Defendant argues that Plaintiff did not provide any information about the discoverable information or anticipated

---

[1] Plaintiff answered Defendant's Interrogatories more than four months after they were served. Plaintiff argues that its delinquent answer was justified because Defendant served its Interrogatories prematurely prior to the parties' Rule 26(f) conference. Fed. R. Civ. P. 26(d). Neither party provided the Court with a date on which a Rule 26(f) conference was held. Defendant states that extended correspondence regarding the discovery plan took place between the parties in October 2007 that "more than satisfied the requirements of Rule 26(f) by October 18 such that Defendant's discovery requests were not premature." (Docket no. 18 at 2). Giving Plaintiff the benefit of the doubt on the issue, the scheduling order was entered on November 6, 2007. (Docket no. 6). On November 20, 2007 Defendant limited its Interrogatories. On January 18, 2008 Plaintiff notified Defendant via email that its answers would be forthcoming on February 4, 2008. (Docket no. 18-8). Correspondence ensued and after Plaintiff repeatedly notified Defendant on what date it would provide Answers, Plaintiff finally provided the answers on February 26, 2008 as to Grant and March 7, 2008 as to Oginski. (Docket no. 18-11).

testimony of 30 of its witnesses and is under a duty to supplement its Answers to Interrogatories and Initial Disclosures.

Defendant's Interrogatory No. 11 asks Plaintiff to identify each person who has knowledge of the facts alleged in the Complaint and, as to each person, provide name, address, telephone number, occupation, relationship to charging party, the paragraphs of the Complaint to which the person would have knowledge and the specific facts to which the person would have knowledge. Plaintiff objected that Interrogatory No. 11 is overly broad, stated that discovery is ongoing and named nine individuals.

Defendant's Interrogatory No. 12 asks Plaintiff to identify each person who it may call as a witness at trial or any evidentiary hearing in connection with this matter and asks for identifying information including name, address, telephone number, occupation, relationship to charging party, any information provided to or reviewed by the witness in connection with his or her testimony, the subject matter of the prospective testimony and facts as to which the witness will testify. Plaintiff objected that Interrogatory No. 12 is overly broad, vague, ambiguous and protected by attorney-client work product privilege. Plaintiff further answered that it will disclose its witnesses in compliance with the Federal Rules of Civil Procedure and the deadlines set by the Court. However, the Court ordered that the Parties' preliminary witness lists be filed by March 31, 2008 and Plaintiff filed its witness list on March 27, 2008. (Docket nos. 6, 9).

Fed. R. Civ. P. 26(e) provides the following

A party who has made a disclosure under Rule 26(a) - or who has responded to an interrogatory, . . . must supplement or correct its disclosure or response:
(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

(B) as ordered by the court.

However, there is "no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process." Fed. R. Civ. P. 26(e) Advisory Committee Notes 1993 Amendments.

To the extent that Plaintiff already made known the supplemental information, there is no obligation to provide it in response to Fed. R. Civ. P. 26(e). However, Plaintiff's answer to Interrogatory No. 11 and Rule 26(a) Initial Disclosures identify nine individuals. Plaintiff's witness list contains 39 "Lay Witnesses," including the nine previously identified. The identifying information required by the Initial Disclosures and requested by Defendant's Interrogatory No. 11 does not appear on the witness list and Plaintiff has not previously provided this information.

The Court will order Plaintiff to supplement its Initial Disclosures with any person appearing on the Witness list likely to have discoverable information and provide the name, address and telephone number if known, and the subject of the discoverable information that the Plaintiff may use to support its claims or defenses, as required by Fed. R. Civ. P. 26(a)(1)(A)(I). Similarly, the Court will order Plaintiff to supplement its Answers to Interrogatory Nos. 11 and 12 with those individuals from the Witness list and provide the related information requested in those Interrogatories. To the extent that Plaintiff does not have the information requested, Plaintiff will so state. To the extent that Plaintiff argues that answering Interrogatory No. 12 "would come dangerously close to requiring Plaintiff's counsel to reveal mental impressions and legal strategies" protected from disclosure as attorney-work product, Plaintiff will provide a privilege log pursuant to Fed. R. Civ. P. 26(b)(5).

Plaintiff argues that it is "not required to supplement its responses at the exact moment Defendant deems it necessary." (Docket no. 15). However, Plaintiff is required to supplement or correct disclosures or responses "in a timely manner." Fed. R. Civ. P. 26(e)(1). Plaintiff had knowledge of these additional witnesses when it filed its witness list on March 27, 2008. (Docket no. 9). Discovery was set to close on May 31, 2008. On May 19, 2008 the District Judge extended discovery to June 30, 2008. To be timely, Plaintiff's should have supplemented its answers and disclosures within a reasonable time after serving its witness list and in advance of the close of discovery.

### III. Plaintiff's Motion to Compel

Plaintiff served its First Set of Discovery Requests on Defendant on December 13, 2007. (Docket no. 11 ¶ 5). Defendant responded and answered on January 14, 2008. However, Plaintiff alleges that Defendant's answers were incomplete because Defendant asserted that Interrogatory Nos. 6, 8, 10 and 14 sought confidential information and that it would provide the information upon entry of a protective order. Plaintiff argues that it is entitled to obtain responses to the Interrogatories without entering into a protective order[2].

Interrogatory No. 6 asks "Has Defendant ever terminated an employee for the same reasons it terminated Oginski; (sic) if so, list each employee and provide the last known address and telephone number." Interrogatory No. 8 asks whether "Defendant ever disciplined an employee for the same reasons it disciplined Grant; if so, list each employee and provide the last known address

---

[2] In its Motion to Compel, Plaintiff also sought to compel production in response to Request for Production Nos. 6, 7, 8 and 12. Plaintiff further alleged that Defendant did not produce attachments to the emails that Defendant produced in response to Plaintiff's Requests for Production and asked the Court to compel Defendant to produce the attachments and match them to the emails. These issues were resolved prior to the hearing. (Docket no. 25).

6

and telephone number." Defendant objects to Interrogatory Nos. 6 and 8 as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and seeking confidential information about persons who are not parties to the lawsuit. Defendant states that it will provide the responsive information upon entry of an appropriate protective order regarding the confidentiality of the requested information.

Interrogatory Nos. 6 and 8 are subject to the same analysis. Both are relevant to determine general employment practices. "[W]hen the motive or intent of a defendant employer is at issue, information concerning its conduct towards employees other than the plaintiff is relevant." *Owens v. Sprint/United Management Co.*, 221 F.R.D. 649, 653 (D. Kan. 2004). However, "relevant information which is otherwise discoverable may be limited both 'geographically' and 'temporally' in order to avoid overly broad and unduly burdensome requests." *Briddell v. Saint Gobain Abrasives, Inc.*, 233 F.R.D. 57, 60 (D. Mass. 2005).

Defendant argues that this information is only relevant from January 1, 2005 through December 31, 2006. (Docket no. 19 at 6). Plaintiff claims in its Complaint that "since at least January 2005" Defendant has engaged in unlawful employment practices at its Detroit, Michigan facility . . ." (Docket no. 1 ¶ 5). Plaintiff will be allowed discovery for a one-year period preceding the alleged actions by Defendant, to allow discovery of past practices, and to provide a three-year time frame for discovery. *See generally Briddell*, 233 F.R.D. at 60 ("the norm in discovery employment discrimination cases seems to be anywhere between three and five years"). The Court will limit Plaintiff's Interrogatory Nos. 6 and 8 to terminations occurring from January 1, 2004 through January 1, 2006. Further, in accordance with Plaintiff's claims, Interrogatory Nos. 6 and 8 will also be limited in geographic scope to the Mack Avenue Engine Plant.

7

Defendant provided no legal support for the assertion that the names, addresses and telephone numbers of employees are subject to privilege. Defendant only asserts that the information is confidential and potentially damaging to individuals' reputations and careers. However, Defendant makes no specific showing of this and the Court finds that Defendant has not shown good cause for entering a protective order with respect to this limited information including name, address and telephone number.

Interrogatory No. 10 asks Defendant to "[i]dentify all individuals who were disciplined for work performed on either the OP 70 or OP 80 from January 1, 2004 through December 31, 2006, and include the employee's full name, last known address, last known telephone number, and sex. Defendant objects to Interrogatory No. 10 as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and seeking confidential information about persons who are not parties to the lawsuit. Interrogatory No. 10 is subject to the same analysis as Interrogatory Nos. 6 and 8, above, except the scope in time is already limited. The Court will order Defendant to answer Interrogatory No. 10 for individuals disciplined at the Mack Avenue Engine Plant.

Interrogatory No. 14 asks Defendant to "provide the last known address and last known telephone number of Jacquelyn Jacks." Defendant objects that Interrogatory No. 14 seeks confidential information about a person who is not a party to the lawsuit, but answers that it will produce the responsive information upon entry of an appropriate protective order. Defendant did not challenge the relevance of this information. For the reasons set forth above, the Court will order Defendant to answer Interrogatory No. 14 in full.

**IV.     Plaintiff's Motion for Leave to Take More Than Ten (10) Depositions and For an Extension of Discovery (Docket no. 12)**

Plaintiff moves the Court to allow it to conduct more than ten depositions. Plaintiff's counsel testified that as of the day following the hearing, June 24, 2008, Plaintiff will have taken ten depositions. Fed. R. Civ. P. 30 provides that a party must obtain leave of court to take more than ten depositions without stipulation of the parties. The Court must grant leave to the extent consistent with Fed. R. Civ. P. 26(b)(2). Rule 26(b)(2) lists factors for the Court to consider in determining whether discovery should be limited including whether the discovery sought is unreasonably cumulative or duplicative, and whether the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought.[3] *See Whittingham v. Amherst College*, 163 F.R.D. 170 (D. Mass. 1995); *General Elec. Co. v. Indemnity Ins. Co.*, 2006 WL 1525970 (D. Conn. May 25, 2006) (unpublished).

The Court should also consider whether the party has named the individuals it seeks to depose and made a particularized showing of why the discovery is necessary. *Whittingham*, 163 F.R.D. 170 (reasoning that such specificity is contemplated by the language of Fed. R. Civ. P. 30(a)(2) which requires leave of court "if the person to be examined is confined in prison or if, without the written stipulation of the parties," the "proposed deposition" would result in more than

---

[3] The text of the pertinent portion of Fed. R. Civ. P. 26(b)(2)(C) is as follows:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information sought by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the discovery in resolving the issues.

9

ten depositions being taken). The scope and conduct of discovery is within the discretion of the Court. *See Ventura v. The Cincinnati Enquirer*, 396 F.3d 784, 789 (6th Cir. 2005).

Plaintiff argues that it needs to take more than ten depositions because this case encompasses two separate yet related claims based on Defendant's alleged sex discrimination against Grant and the retaliation by termination against Oginski and the employment relationships between each and Defendant. (Docket no. 12). Further, Plaintiff contends that Defendant's Preliminary Witness List names 24 individuals.

By May 2008 Plaintiff had only conducted one of its depositions, that of Thomas Steele, who was Defendant's former Area Manager. On May 6, 2008 Plaintiff, exhibiting a dismaying lack of proficiency, noticed the depositions of 9 other individuals for Memorial Day, May 26, 2008, for approximately one hour each[4]. (Docket no. 20-4).

Plaintiff named the three remaining individuals it seeks to depose and generally set forth the subject matter of deposition for each[5]. Plaintiff also seeks to take a Rule 30(b)(6) deposition. First, Plaintiff seeks to depose Bridget Crane, whom Plaintiff describes as "the second individual who Defendant identified as being responsible for, or having knowledge of, Christopher Oginski's termination," mentioned in an answer to an interrogatory and appearing on Defendant's Preliminary Witness List. Plaintiff neither directed the Court to the exact Interrogatory Answer to which Plaintiff refers nor provided it with this Motion.

---

[4]Plaintiff noticed depositions of Dennis Bailey, Michael Brown, Michael Grimaldi, Andy Dudek, Bill Galecki, Michael Palledino, Tyrone Mills, Gary Cavanaugh and Debra Felek. (TR 20-4).

[5]Plaintiff's Motion also sought to depose Angela Miller, "who works in Human Resources and is responsible for receiving and processing discrimination complaints and was listed on Defendant's Preliminary Witness List." This deposition was resolved prior to the hearing.

Plaintiff seeks to depose Kenneth Crawford, "who works as a Maintenance Supervisor, has knowledge pertaining to OP 70 and OP 80, two operations on Defendant's crank line, and who was listed on Defendant's Preliminary Witness List." Plaintiff also seeks to depose Kevin Thompson, who works as a group leader and has knowledge pertaining to Rosalyn Grant, has knowledge pertaining to OP 70 and OP 80, two operations on Defendant's crank line, and who was listed on Defendant's Preliminary Witness List.

Finally, Plaintiff seeks a Rule 30(b)(6) Deposition "to inquire into the following three areas: a) the financial status of Defendant; b) the security and controlled access practices of Defendant; c) the human resources personnel practices with respect to disciplining and terminating both hourly and supervisory employees and conducting sex discrimination training." Plaintiff has not shown how the financial status of Defendant is relevant to the claims or defenses of the parties in this action, therefore the Court will deny this request. Fed. R. Civ. P. 26(b). The topic of "the security and controlled access practices of Defendant" is cumulative and duplicative of the depositions of individuals with knowledge of the "employee personnel systems and policies relating to employees using badges to gain access to the facility." (Docket no. 12 at 4). Likewise, with regard to Plaintiff's request for a deposition relating to "the human resources personnel practices with respect to disciplining and terminating both hourly and supervisory employees and conducting sex discrimination training," Plaintiff has already deposed Debra Felek, HR Administrative Supervisor, who is identified by Plaintiff as "responsible for receiving and processing discrimination complaints."

Defendant argues that Plaintiff used two of its depositions for persons not on either party's witness list, Michael Grimaldi and Gary Cavanaugh. Indeed, neither of these individuals appears

on the Parties' witness lists filed in March 2008, prior to Plaintiff noticing and taking these two depositions. (Docket nos. 8, 9). The moving party must not only justify the depositions it seeks to take but also the depositions it has already taken. *General Elec.*, 2006 WL 1525970 *2. Plaintiff only generally alleges that these two persons are familiar with the "employee personnel systems and policies relating to employees using badges to gain access to the facility." (Docket no. 12 at 4).

Plaintiff had ample opportunity to obtain the information it seeks by discovery in the action during the discovery period. Plaintiff has made no showing that it acted diligently in seeking these depositions. Beginning with its original investigation of the charging parties' complaints, Plaintiff has had this case for over two years. (Docket no. 20-3). The dates of Plaintiff's deposition notices show that Plaintiff did not consider its deposition strategy prior to the month in which discovery was set to close, May 2008.

With diligence, Plaintiff may have sought this additional information by other discovery methods or may have more narrowly tailored its discovery including depositions. Plaintiff has made only general and conclusory statements about the necessity of these depositions and Plaintiff seeks duplicative and cumulative information. Plaintiff has not adequately shown the necessity of the proposed additional depositions. Further, Plaintiff's participation in discovery to date does not evidence a well-thought out discovery plan. The Court can find no compelling circumstances or reason to allow Plaintiff to take more than the ten depositions allowed under Fed. R. Civ. P. 30(a). The Court will deny Plaintiff's Motion to Take More Than Ten (10) Depositions.

### B.  Motion To Extend Discovery

Plaintiff seeks a 90 day extension of the discovery deadline in which to complete its depositions and conduct "follow up discovery" based upon information learned in the depositions.

"A scheduling order may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The deadline for completing all discovery was May 30, 2008. The order stated that the "Court will not order discovery to take place subsequent to that date absent an adequate showing of extraordinary circumstances." (Docket no. 6).

Plaintiff does not allege that it attempted to take depositions other than that of Steele prior to May 2008. Plaintiff alleges that it learned on May 6 and 9, 2008 that some of the individuals it seeks to depose are located out of state and several others are no longer employed by Defendant[6]. (Docket no. 12 ¶ 2). Plaintiff alleges that it now needs to travel to Nevada and Texas to complete the depositions. Plaintiff does not explain how this late revelation was due to other than its own failure to timely pursue these depositions. To the extent Plaintiff argues that its counsel was engaged in trial during the early part of the year which took up counsel's time, two attorneys have appeared in this case on behalf of Plaintiff. Plaintiff's explanation does not explain why deposition notices had not been served until May 2008. (Docket no. 22 at 3). Plaintiff's motion lacks a persuasive showing of good cause for failure to complete discovery in the allotted time.

The District Court previously extended discovery by 30 days from May 31, 2008 to June 30, 2008, "until Plaintiff's Motion for Leave to Take More than Ten (10) Depositions and for An Extension of Discovery can be heard by the Court." (Docket no. 14). Therefore, Plaintiff has already had an additional thirty-days in which to take depositions. The Court will deny Plaintiff's Motion to Extend Discovery by 90 days.

---

[6] Defendant shows that it notified Plaintiff by letter dated October 4, 2007 that "some of the anticipated witnesses have relocated to other parts of the country, thereby potentially requiring additional time to coordinate and take discovery." (Docket no. 20-5).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Dislosure and Discovery (Docket no. 10) is **GRANTED** and Plaintiff will serve a verified signed copy of its Answers to Plaintiff's First Set of Interrogatories within 7 days of entry of this Order. Plaintiff will also serve on or before July 18, 2008 supplements to its Initial Disclosures and Responses to First Set of Interrogatories as set forth above.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (docket no. 11) is **GRANTED** and Defendant will answer the Interrogatories on or before July 18, 2008 as follows: Interrogatory Nos. 6 and 8 are limited in scope to the time period from January 1, 2004 through December 31, 2006 and limited to the Mack Avenue Engine Plant, Interrogatory No. 10 is limited in scope to the Mack Avenue Engine Plant and Interrogatory No. 14 will be answered as asked**.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Take More Than Ten (10) Depositions and For an Extension of Discovery (Docket no. 12) is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: July 02, 2008  s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

       I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: July 02, 2008                  <u> s/ Lisa C. Bartlett              </u>
                                                       Courtroom Deputy